**(113 So. 825)**

**No. 28222.**

**SUCCESSION OF SIMKIN.**

July 11, 1927.

*(Syllabus by Editorial Staff.)*

Guardian and ward ⬤—10—Tutorship; conduct of father held such as to exclude him from tutorship of minor son as against maternal grandfather (Rev. Civ. Code, art. 305, as amended by Act No. 82 of 1880).

Where father had been arrested at least ten times for forgery and obtaining money under false pretenses, and on one charge of forgery he had pleaded guilty of obtaining money under false pretenses and was sentenced to prison, and had been charged with nonsupport and jumped bond, his conduct was such as to exclude him from tutorship of minor son, under Rev. Civ. Code, art. 305, as amended by Act No. 82 of 1880, as against maternal grandfather.

Appeal from Civil District Court, Parish of Orleans; Porter Parker, Judge.

In the matter of the Succession of Mrs. Fannie Fein Simkin. Contest between Louis Simkin and Louis Fein over tutorship of Irving Simkin, minor son of deceased. From a judgment awarding the tutorship to Louis Fein, Louis Simkin appeals. Affirmed.

Leon Levitan, of New Orleans, for appellant.

Prentice E. Edrington, Jr., of New Orleans, for appellee, Samuel Fein.

ST. PAUL, J. This is a contest over the tutorship of Irving Simkin, the minor son of the deceased; the contest being between Louis Simkin, the father, and Louis Fein, the maternal grandfather.

**I.**

The deceased and her husband, Louis Simkin, had lived apart for some years. In the meanwhile the husband had contributed nothing to the support of his wife and child, except (irregularly) what he was compelled to give by the juvenile court, and (indirectly) what the United States government allowed to the wife and child of a disabled veteran.

In addition to this, he appears to have been involved in a number of shady transactions concerning money matters.

**II.**

The husband became a disabled veteran as follows: He enlisted in the United States army in time of peace (December 15, 1921) *as a single man*, at a time when he had been condemned for alimony by the juvenile court (under affidavit of August 1, 1921), and manifestly for the purpose of escaping the payment of said alimony. He was injured while in said service.

**III.**

The trial judge found that the father was not a proper person to have the tutorship of the minor. See R. C. C. 305, as amended by Act 82 of 1880, p. 107, whereby notoriously bad conduct and failure to support his children suffice to exclude a father from the tu-

torship. He awarded the tutorship to the maternal grandfather.

The reasons assigned by the trial judge, and approved by us, are as follows:

The mother of the child was killed in an unfortunate accident, and the purpose of this litigation seems to be to control the prosecution of the damage suit.

The evidence shows that Simkins has been arrested at least ten times for forgery and obtaining money under false pretenses, and, on one charge of forgery, he pleaded guilty of obtaining money under false pretenses and was sentenced to the parish prison for six months.

The evidence further shows that Simkins was charged in the juvenile court with non-support and placed under bond; that he jumped his bond, went to Texas, and was brought back, his mother being the surety on his bond and endeavoring to make the bond good.

### Decree.

The judgment appealed from is therefore affirmed.